UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REBECCA HIGDON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GERBER LIFE INSURANCE COMPANY, and DOES 1-10,<br><br>Defendants. | NO. 3:26-cv-05316-JHC<br><br>PLAINTIFF'S 1st AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227, ET SEQ, WASHINGTON TELEPHONE SOLICITATION ACT, RCW 80.36.390, WASHINGTON AUTOMATIC DIALING & ANNOUNCING DEVICE ACT, RCW 80.36.400, & WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86 ET SEQ<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, Rebecca Higdon, on behalf of herself and others similarly situated and complains against GERBER LIFE INSURANCE COMPANY, and for cause of action against the Defendants complains and alleges as follows:

## I. INTRODUCTION

1. There are telemarketers in America whose long-term business model is placing lots and lots of unsolicited calls and robocalls.

2. Companies who sell a particular widget are looking for customers interested in such widgets, and telemarketers are eager to introduce widget makers with possibly interested customers.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

3. Some telemarketers call all the phone numbers they can, playing pre-recorded or artificially generated speech about widgets.

4. The telemarketer does this to build up a pool of valid phone numbers, noting key demographics of the people behind the phone numbers like age, gender, interests, or location.

5. When the telemarketer strikes a deal with a specific widget maker to find potential customers, the telemarketer goes to their calling pool and calls the people that fit the widget maker's specified customer profile.

6. And call them again and again and again.

7. When the telemarketer finds a consumer they can sell to a widget maker, they call that person a "Lead."

8. The telemarketer passes the Lead to a widget maker for monetary gain, the widget maker is happy to have someone to pitch their widgets to, and everyone in the loop gains something.

9. This is with the exception of consumers like the Plaintiff and individuals in the proposed class, who don't want the phone calls.

10. As former Senator Fritz Hollings once stated:

> "computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall."

## II. PARTIES, JURISDICTION & VENUE

11. The Plaintiff is a resident of Clark County, Washington, and was a resident of Washington State at all times relevant and material to this complaint.

12. Defendant Gerber Life Insurance Company ("Gerber") is New York company with its principal address of 44 Broadway, 8th Floor, White Plains NY 10601.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

13. Gerber regularly solicits business from Washington State residents and does substantial business in Washington State.

14. Does 1-10 are currently unknown parties who acted as Gerber's and agents in telephone soliciting consumers and Plaintiff.

15. The acts alleged in this complaint occurred in Clark County, Washington State, during the last four years.

16. Defendants are within the jurisdiction of the Court.

17. At all times relevant to the events and transgressions alleged herein, the Defendants engaged in telemarketing and telephone solicitation activities in Washington State, including the placing of computerized phone calls to the Plaintiff and Washington State residents to sell products and services.

18. Venue is proper in Clark County because many of the violations against the Plaintiff and putative class members occurred in this Court.

## III. FACTUAL ALLEGATIONS

**Plaintiff Rebecca Higdon**

19. The Plaintiff is and was the subscriber and regular user of the Washington State area code phone number that received the calls.

20. It is a cell phone used as a residential phone line.

21. The Plaintiff uses her cell phone number for personal use only, as one would use a landline.

22. The Plaintiff registered her Washington State area code cell phone number on the Federal Trade Commission's national do not call registry more than 30 days prior to the phone calls in the table below.

23. At no point did the Plaintiff consent to receiving telemarketing calls or text messages from the Defendants prior to receiving the calls at issue.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

**The Calls**

24. Although the Plaintiff has never purchased from Gerber prior to the calls in the table below, knew who Gerber was, or asked for their phone calls, for the last four years the Plaintiff has received unwanted loan solicitation calls from Gerber and its agents.

25. At no time relevant to this lawsuit did the Plaintiff consent to any solicitations calls from Gerber or its agents.

26. At no time relevant to this lawsuit did the Plaintiff consent to any calls from Gerber or its agents that contained artificial or pre-recorded voice.

27. The Plaintiff has been getting a steady stream of calls like those described below for as long as she can remember.

28. The callers used fake monikers – The telemarketing entity nor Gerber are named "Senior Care" or "Senior Benefit Solutions" or "Senior Benefits" or "American Benefits" or "Senior Resource Center" or "Final Expense Support Team" or "Senior Financial Solutions."

29. These calls are all from the same telemarketer.

30. Because these names are all fake the caller doesn't know which fake names other phone agents of the Telemarketer used, and the phone agents often use the fake names interchangeably.

31. If the Plaintiff answered the Defendants' calls, she was often greeted by an artificial or prerecorded voice which, after automatically playing its announcement, transferred the call to a live agent who then engaged Plaintiff in conversation.

32. The Plaintiff could tell which calls were pre-recorded not only through her lifetime of experience answering calls, but because they were impersonal, had long pauses, used the same format and content, used the same woman's voice, could not converse normally,



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

contained reading a script type intonation and pauses, and then handed the call off to a live agent who engaged in conversation.

33. The Telemarketer and Gerber use these fake monikers because they know their calls are illegal and they are trying to prevent lawsuits from coming back at them.

34. This list below is a non-exhaustive list of phone calls the Plaintiff received in 2025 and 2026, each of them from Gerber, or an agent acting on behalf of Gerber, selling Gerber's goods and services via calls to her one and only phone number.

35. Ms. Higdon repeatedly asked for Gerber's calls to stop but they continued to call and just used more and varied fake names to disguise their identity..

36. "DNC" denotes the calls where she used a reasonable means to ask the caller to stop calling her.

| Call # | Date | Calling # | Robo | DNC | Spoof | Calling from: |
|---|---|---|---|---|---|---|
| 1 | 7/2/2025 | 360 546 6787 | | | | Hazel calling from Senior Care |
| 2 | 9/29/2025 | 360 841 6921 | ✓ | | | Jennifer with Senior Benefit Solutions |
| 3 | 10/8/2025 | | | ✓ | ✓ | Brett Webster with Senior Benefits and then it was Peter with Senior Benefit Solution. After asking to be placed on their DNC list the caller continued to try and seller Ms. Higdon a policy. Ms. Higdon again asked to be placed on the caller's DNC list and the caller said "There's no benefit of putting you in my [do not] call list" |
| 4 | 10/25/2025 | | | ✓ | ✓ | Caller said he was with Senior Benefits |
| 5 | 10/28/2025 | 360 256 1911 | ✓ | | ✓ | Hera from Senior Benefit Solutions |
| 6 | 11/6/2025 | 360 588 3159 | | | | Jason with Senior Benefit Solutions |



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

| | | | | | | |
|---|---|---|---|---|---|---|
| 7 | 12/11/2025 | 360 323 0703 | ✓ | | ✓ | Luna a "Senior Program Coordinator with the Final Expense Support Team" called. But then another agent got on the line and said the caller was with "Senior Benefits". Ms. Higdon finally said she wasn't interested and ended the call. |
| 8 | 12/11/2025 | 360 258 5458 | ✓ | | ✓ | Jerry a "Senior Program Coordinator with the Final Expense Support Team" called right back. And then another agent said the caller was "Senior Care". The callers sold Ms. Higdon a Gerber life insurance policy #90632341. |
| On 12/11/2025 Ms. Higdon used a reasonable means to tell Gerber about the unwanted calls and that she purchased a policy only to identify the source of the calls, made a DNC request, told Gerber she didn’t want the policy, and asked Gerber if they really wanted to take money from an illegal call. They did want to, and Gerber did take the money about 3 weeks after selling her the policy. | | | | | | |
| On 12/15/2025 Ms. Higdon used a reasonable means to tell Gerber about the unwanted calls from “Senior Benefits” ringing her phone selling Gerber’s life insurance and asked for them to stop. | | | | | | |
| 9 | 1/3/2026 | | | ✓ | ✓ | Ryan Reed with American Benefits |
| 10 | 1/3/2026 | 360 737 6393 | | ✓ | ✓ | Leah Brown with Senior Benefits. Ms. Higdon said "I am going to ask you again to please take me off your calling list" and the phone agent said "Alright". |
| 11 | 1/5/2026 | 360 837 1849 | ✓ | ✓ | ✓ | Chloe with the Senior Resource Center then a Steven got on from Senior Benefits. |
| 12 | 1/7/2026 | 360 682 3595 | | ✓ | ✓ | Christine from Senior Benefits. |
| 13 | 1/8/2026 | | | ✓ | | Jason from Senior Benefits |
| 14 | 1/8/2026 | 216 900 9174 | | | ✓ | Elijah from American Benefits. The caller said "I have a company for you with the name of Gerber Life Insurance Company" |
| 15 | 1/13/2026 | | | | ✓ | Mark Wilson with Senior |



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Benefits |
| 16 | 1/14/2026 | | | ✓ | ✓ | [unintelligible name] with Senior Benefits |
| 17 | 1/15/2026 | 360 404 4689 | | ✓ | ✓ | Lisa with Senior Benefits and then a Samuel Wilson who said he was "Board of Education Officer of Senior Benefits" |
| 18 | 1/26/2026 | 360 322 7879 | | | ✓ | Jacob with Senior Benefits and then it was Paul with Senior Benefits |
| 19 | 2/2/2026 | | | | | On or about 2/2/2026 Gerber sold Ms. Higdon their policy #90669598 via an unwanted phone call. |
| On 2/4/2026 Ms. Higdon uses a reasonable means to tell Gerber about the unwanted calls and that she purchased the 90669598 policy to only to identify the source of the calls and she didn’t want the policy and made *another* DNC request.. | | | | | | |
| 20 | 3/4/2026 | 360 754 4928 | | | ✓ | Sam from Senior Financial Solutions called offering a $10,000 Gerber life insurance policy for $59 a month. |

37. The calls were a mix of robocalls and voice calls.

38. The robocalls would start out with an automatic dialing device to dial the calls, and an automatic announcing device would play a prerecorded or artificial voice when the Plaintiff answered the call.

39. After the prerecorded or artificial voice message played, each of those calls transitioned to a live caller and conversation with the phone agent soliciting final expense insurance on behalf of Gerber.

40. Each calling number in the table above was ‘spoofed’ – the phone number transmitted as the caller’s number was fake and a call back to that number could not and did not reach Gerber or any of their agents.

41. Ms. Higdon knows because she called the calling numbers back and did not reach Gerber or any of its agents.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

42. Calls to the calling numbers reached disconnected phone lines or people or businesses obviously not involved in insurance sales.

43. Each caller initiated the call for the purpose of encouraging Ms. Higdon to purchase final expense goods or services.

44. Each caller initiated the call for the purpose of encouraging Ms. Higdon to purchase final expense goods and services from Gerber.

45. Each caller pitched insurance services to Ms. Higdon.

46. In none of these calls did the callers identify who they were calling from, or their name, or identify who they were calling on behalf of during the first 30 seconds of the call.

47. In none of these calls did the caller provide a telephone number or address at which the person or entity may be contacted to make a do-not-call request.

48. The callers had the capacity to transmit a calling number that would permit the called party to make a do-not-call request during regular business hours and willfully failed to do so.

49. The callers had the capacity to transmit to transmit the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed and willfully failed to do so on every single call.

50. Gerber or their agents always transmitted false caller ID information to each of the solicitation calls they initiated to the Plaintiff.

51. Ms. Higdon told Gerber about the unwanted and illegal phone calls.

52. Gerber did not investigate the illegal and unwanted phone calls.

53. Gerber continues to generate business with these same phone agents who pitched Gerber insurance to Ms. Higdon via illegal phone calls to this day.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

54. These calls annoyed and harassed Ms. Higdon, wasted her time, and invaded her privacy.

55. **Class Definition:** The Plaintiff brings this class action lawsuit pursuant to CR 23, and seeks certification of the following Classes:

> **<u>DNCR Class</u>**: All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants or a third party acting on Defendants' behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.
>
> **<u>WA DNCR Class</u>:** Plaintiff and all persons within Washington State who from the enacting date of RCW 80.36.390(9) who the Defendant initiated a telephone solicitation call to their telephone number registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. Sec. 227 and related regulations.
>
> **<u>30 Second Class:</u>** Plaintiff and all persons within Washington State who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services without identifying him or herself and the company or organization on whose behalf the solicitation is being made and the purpose of the call within the first 30 seconds of the telephone call.
>
> **<u>Don't Call Again Class</u>**: Plaintiff and all persons within Washington State who during the telephone contact with the Defendant stated or indicated that he or she does not want to be called again by the Defendant or wants to have his or her name, individual telephone number, or other contact information removed from the telephone lists used by the Defendant, and the Defendant:
> **<u>(a)</u>** Did not inform the called party that his or her contact information will be removed from the telephone solicitor's telephone lists for at least one year; or
> **<u>(b)</u>** Did not end the call within 10 seconds; or
> **<u>(c)</u>** Made additional telephone solicitations of the called party at any telephone number that the called party has requested be removed from the solicitor's telephone lists for a period of at least one year
>
> **<u>Pre-recorded No Consent Class</u>**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants, or an agent calling on behalf of the Defendants, called on their telephone number (2) using the same or a substantially similar artificial or pre-recorded voice messages used to call the Plaintiff.
>
> **<u>Automatic Dialing and Announcing Device Class</u>**: All persons within Washington State who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant,


NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

called on their telephone number using an (2) automatic dialing and announcing device for purposes of commercial solicitation.

**Identification Class:** Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services without providing the called party the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

**False or misleading Caller ID class**: Plaintiff and all persons within the United State who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services while failing to transmit a calling number that would permit the called party to make a do-not-call request during regular business hours and willfully failing to transmit the name of the telemarketer or the name of the seller on behalf of which the telemarketing call was placed.

**Procedures Class:** Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification, made a do not call request to one or more Defendant (or an agent acting on behalf of Defendant), that Defendant did not have sufficient procedures instituted to prevent further telephone solicitation calls to that person, and that person received further telephone solicitation calls from or on behalf of that Defendant.

**RCW 80.36.390(7) Class**: Plaintiff and all persons within Washington State who from four years prior to the filing of this action through class certification, (1) Defendant, or an agent calling on behalf of the Defendant, was told by the called party that he or she did not want to be called or again and the Defendant, or an agent calling on behalf of the Defendant (2) did not inform the called party that his or her phone number would be removed from the telephone solicitor's telephone lists for at least one year or (3) the Defendant, or an agent calling on behalf of the Defendant, made additional telephone solicitation to the called party within the year.

**Spoofed Number Class**: Plaintiff and all persons within Washington State who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called for the purpose of encouraging the recipients to purchase property, goods, or services while causing the caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

56. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

57. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

58. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

59. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class include, but are not necessarily limited to, the following:

a. Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b. Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

c. Whether Defendant sent text messages without providing the called party with the name of the individual caller or the name of the person or entity on whose behalf the call is being made;



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

d. The number of text messages Defendant sent to Washington residents' cell phones or pagers;

e. Whether Defendant should be held liable for violations committed on its behalf, if any; and

f. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

60. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

61. In addition to satisfying the prerequisites of CR 23(a), Plaintiff satisfies the requirements for maintaining a class action under CR 23(b) because:

a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

62. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

63. Excluded from the Classes are the Defendants and any entities in which the Defendants have a controlling interest; the Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

## IV. CAUSES OF ACTION
## ALLEGATIONS APPLICABLE TO ALL COUNTS

64. Gerber is a "seller" as defined by 47 CFR § 64.1200(f)(10).

65. Gerber is a "telemarketer" as defined by 47 CFR § 64.1200(f)(12).

66. All of the calls the Defendants initiated to the Plaintiff and proposed Class were "telephone solicitations" as defined by 47 CFR § 64.1200(f)(15).

67. Gerber and its telephone agents engaged in "telephone solicitation" to Washington State residents as defined by RCW 80.36.390(1)(a).

68. Gerber and its telephone agents are "telephone solicitors" as defined by RCW 80.36.390(4).

69. Gerber and its telephone agents are "persons" as defined by RCW 19.86.010(1).

70. The Plaintiff is a person as defined by RCW 19.86.010(1).

71. Gerber and its telephone agents engaged in "trade" and "commerce" with Washington State residents as defined by RCW 19.86.010(2).

72. The calls were initiated to encourage the Plaintiff to purchase goods and/or services from Gerber.

73. The phone ringing finding out it is a sales call is an invasion of privacy, a trespass into the Plaintiff's property and seclusion, and a waste of time.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

74. Answering the phone takes time that could be spent doing other things, and these calls do have a real, if small, cost in electricity and life of the phone.

75. Trying to figure out who is behind the calls is obnoxious and costs the Plaintiff time.

**COUNT 1 - TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. 227(c)**

76. Pursuant to 47 U.S.C. 227(c), it is unlawful for a person to initiate telephone solicitation to residential telephone subscribers who have registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

77. The Plaintiff re-alleges the previous paragraphs supra.

78. The Plaintiff registered her telephone number on the national do-not-call registry of people who do not wish to receive telephone solicitations that is maintained by the Federal Government more than 31 days prior the calls subject to 47 CFR § 64.1200(c)(2).

79. The Defendants violated 47 U.S.C. 227(c)(2) by calling the Plaintiff's telephone without invitation or consent.

80. No exception under 47 C.F.R § 64.1200, or 47 U.S.C. 227 applies to their calls.

81. The Defendants instructed their phone agents to identify themselves to the Plaintiff with fake business names and to not identify themselves or Gerber because they knew they were illegally calling the Plaintiff and they wanted to prevent the Plaintiff and consumers like her from suing Gerber for the illegal calls.

82. Gerber instructed their phone agents to not transmit accurate caller ID information for the same reason – preventing lawsuits for their illegal calls.

83. The Defendants violated 47 U.S.C. § 227(c) on no fewer than fifty (50) occasions.

84. The Plaintiff has been damaged and injured as a result of these actions.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

85. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 2 - TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. 227(b)**

86. Pursuant to 47 U.S.C. 227(b), it is unlawful for a person to place telephone calls with an artificial or prerecorded voice.

87. The Plaintiff re-alleges the previous paragraphs supra.

88. The Defendants violated 47 U.S.C. 227(b) by calling the Plaintiff's telephone while using an artificial or prerecorded voice. No exception under 47 C.F.R § 64.1200, or 47 U.S.C. 227 applies to their calls.

89. Therefore, the Defendants violated 47 U.S.C. 227(b) on no fewer than fifty (50) occasions.

90. The Plaintiff has been damaged and injured as a result of these actions.

91. The Defendants' actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 3 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)**

90. Pursuant to 47 C.F.R. § 64.1200(d), no entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity.

91. The Plaintiff re-alleges the previous paragraphs supra.

92. The Defendants did not have procedures for maintaining a list of persons who request not to receive such calls.

93. Plaintiff made a do-not-call request to Gerber's phone agents but they continued to telephone solicit her.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

94. Therefore, Gerber has violated 47 C.F.R. § 64.1200(d) on no fewer than fifty (50) occasions.

95. The Plaintiff has been damaged and injured as a result of these actions.

96. The Defendants' actions were willful or knowing, and therefore the Plaintiff's damages should be trebled.

**COUNT 4 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)(4)**

97. Pursuant to 47 C.F.R. § 64.1200(d)(4), all artificial or prerecorded voice telephone messages or any call for telemarketing purposes shall identify the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted.

98. The Plaintiff re-alleges the previous paragraphs supra.

99. The Defendants never identified the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and the telephone number or address at which the person or entity may be contacted to the Plaintiff.

100. Instead they used fake generic names or didn't give a name at all.

101. And never gave a telephone number or address where the person or entity could be contacted.

102. The Defendants are all unwilling or unable to comply with 47 C.F.R § 64.1200(d)(4) which puts them in violation of 47 C.F.R § 64.1200(d).

103. Therefore, the Defendants have violated 47 C.F.R. § 64.1200(d) 47 C.F.R. § 64.1200(d)(4) on no fewer than fifty (50) occasions.

104. The Plaintiff has been damaged and injured as a result of these actions.

105. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

**COUNT 5 – TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1200(d)(5)**

106. 47 C.F.R. § 64.1200(d) states no person or entity shall initiate any artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

107. 47 C.F.R. § 64.1200(d)(5) states in the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular entity making the call (or on whose behalf a call is made).

108. Ms. Higdon repeatedly asked Gerber and Gerber's agents to stop calling her.

109. The Defendants are all unwilling or unable to comply with 47 C.F.R. § 64.1200(d)(5) which puts them in violation of 47 C.F.R § 64.1200(d).

110. Therefore, the Defendants have violated 47 C.F.R. § 64.1200(d)(5) on no fewer than fifty (50) occasions.

111. The Plaintiff has been damaged and injured as a result of these actions.

112. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 6 - TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. § 64.1601(e)**

113. 47 C.F.R. § 64.1601(e) requires any entity engaged in telemarketing as that term defined in 47 C.F.R. § 64.1200 must transmit caller identification information.

114. The Plaintiff re-alleges the previous paragraphs supra.

115. That information must include the name of the telemarketer or the seller when available by the telemarketer's carrier, and it must transmit a telephone number such that any



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

individual could make a do-not-call request to the telemarketer or seller during regular business hours.

116. The Defendants and their agents did neither.

117. The Defendants and their agent's phone carrier allowed them to transmit the name of the telemarketer or seller, and Gerber and its agents chose not to transmit this information on any call to Plaintiff.

118. The Defendants and their agents chose not to transmit a telephone number such that Plaintiff could make a do-not-call request to the telemarketer or seller during regular business hours.

119. Therefore, the Defendants have violated 47 C.F.R. § 64.1601(e) on no fewer than fifty (50) occasions.

120. The Plaintiff has been damaged and injured as a result of these actions.

121. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 7 – WASHINGTON AUTOMATIC DIALING & ANNOUNCING DEVICE ACT RCW 80.36.400(2)**

122. Pursuant to RCW 80.36.400(2), no person may use an automatic dialing and announcing device for the purposes of commercial solicitation.

123. The Plaintiff re-alleges the previous paragraphs supra.

124. The Defendants used a device to initiate the artificial or prerecorded voice calls to the Plaintiff.

125. The device the Defendants used to initiate the artificial or prerecorded voice calls to the Plaintiff automatically dials phone numbers, and when a connection is established, automatically plays an announcement.

126. If the announcement plays successfully, the Defendants initiates a transfer of the call to a live agent selling Gerber's goods or services.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

127. The Defendants used this device for the purpose of initiating commercial solicitation to the Plaintiff and consumers like her

128. The Defendants used an automatic dialing and announcing device for the purposes of commercial solicitation on every artificial or prerecorded voice call they placed to the Plaintiff's residential phone line.

129. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

130. Therefore, The Defendants violated RCW 80.36.400(2) on no fewer than fifty (50) occasions.

131. The Plaintiff has been damaged and injured as a result of these actions.

132. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 8 – WASHINGTON TELEPHONE SOLICITATION ACT**
**RCW 80.36.390(3)**

133. Pursuant to RCW 80.36.390(3), a telephone solicitor must identify themselves and the company or organization on whose behalf the solicitation is being made and the purpose of the call, within the first thirty (30) seconds of the telephone call.

134. The Plaintiff re-alleges the previous paragraphs supra.

135. The Defendants never identified themselves, the company or organization on whose behalf the solicitation was being made, and the purpose of the call, within the first thirty (30) seconds of the telephone calls to the Plaintiff.

136. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

137. Therefore, the Defendants have violated RCW 80.36.390(3) on no fewer than fifty (50) occasions.

138. The Plaintiff has been damaged and injured as a result of these actions.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

139. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 9 - WASHINGTON TELEPHONE SOLICITATION ACT**
**RCW 80.36.390(7)**

140. Washington State RCW 80.36.390(7) states if at any time during the telephone contact, the called party states or indicates that he or she does not want to be called again by the telephone solicitor or wants to have his or her name, individual telephone number, or other contact information removed from the telephone lists used by the telephone solicitor:

(a) The telephone solicitor shall inform the called party that his or her contact information will be removed from the telephone solicitor's telephone lists for at least one year;
(b) The telephone solicitor shall end the call within 10 seconds;
(c) The telephone solicitor shall not make any additional telephone solicitation of the called party at any telephone number that the called party has requested be removed from the solicitor's telephone lists for a period of at least one year;

141. In no call, after informing the Telemarketer that he did not want to be called again or wanted his phone number removed from their calling list, did the Telemarketer end the call within 10 seconds *and* inform Ms. Higdon that her contact information would be removed for at least one year.

142. And Gerber's Telemarketer did again call Ms. Higdon at the same phone number within one year as identified in the calling table above.

143. Therefore, the Defendants have violated RCW 80.36.390(7) on no fewer than fifty (50) occasions.

144. The Plaintiff has been damaged and injured as a result of these actions.

145. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

## COUNT 10 – WASHINGTON TELEPHONE SOLICITATION ACT RCW 80.36.390(9)

146. Pursuant to RCW 80.36.390(9), no person may initiate, or cause to be initiated, a telephone solicitation to a telephone number registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. Sec. 227 and related regulations, as currently enacted or subsequently amended.

147. The Plaintiff re-alleges the previous paragraphs supra.

148. The Defendants initiated telephone solicitation to the Plaintiffs telephone number after she caused it to be registered on the do not call registry maintained by the federal government pursuant to telephone consumer protection act, 47 U.S.C. Sec. 227 and related regulations, as currently enacted or subsequently amended.

149. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

150. Therefore, the Defendants violated RCW 80.36.390(9) on new fewer than fifty (50) occasions.

151. The Plaintiff has been damaged and injured as a result of these actions

152. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

## COUNT 11 – WASHINGTON TELEPHONE SOLICITATION ACT RCW 80.36.390(10)

153. Pursuant to RCW 80.36.390(10), no person may initiate, or cause to be initiated, a telephone solicitation to a telephone number that violates 47 U.S.C. Sec. 227(e)(1), as currently written or as subsequently amended or interpreted by the federal government.

154. The Plaintiff re-alleges the previous paragraphs supra.



NWDR
NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

155. The Defendants initiated telephone solicitation to the Plaintiff's telephone number while knowingly transmitting misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value.

156. The Defendants invaded the Plaintiff's privacy and harassed the Plaintiff while knowingly transmitting misleading or inaccurate caller identification information with the intent of invading the Plaintiff's privacy.

157. The Defendants invaded the Plaintiff's privacy and harassed the Plaintiff while knowingly transmitting misleading or inaccurate caller identification information with the intent of selling the Plaintiff goods or services via wrongful phone calls.

158. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

159. Therefore, the Defendants violated RCW 80.36.390(10) on new fewer than fifty (50) occasions.

160. The Plaintiff has been damaged and injured as a result of these actions.

161. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 12 – WASHINGTON CONSUMER PROTECTION ACT**
**RCW 19.86 *ET SEQ***

162. Pursuant to RCW 80.36.390(12) a violation of RCW 80.36.390 *et seq*, is a *per se* violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*.

163. Pursuant to RCW 80.36.400(4) a violation of RCW 80.36.400 *et seq*, is a *per se* violation of the Washington Consumer Protection Act, RCW 19.86 *et seq*.

164. The Plaintiff re-alleges the previous paragraphs supra.

165. Each of the previously pleaded violations of RCW 80.36.390 by the Defendants against the Plaintiff were also violations of the Washington Consumer Protection Act.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

166. Each of the previously pleaded violations of RCW 80.36.400 by the Defendants against the Plaintiff were also violations of the Washington Consumer Protection Act.

167. Therefore, the Defendants have violated RCW 19.86 *et seq* on no fewer than fifty (50) occasions.

168. The Plaintiff has been injured and damaged because of the Defendants' actions.

169. The Defendants' actions were willful and wanton, and therefore the Plaintiff's damages should be trebled.

**COUNT 13 – INJUNCTIVE RELIEF**

170. The Plaintiff re-alleges the previous paragraphs supra.

171. Pursuant to 47 U.S.C. § 227(c)(5)(A), an individual may bring a private action to enjoin violations of the Telephone Consumer Protection Act.

172. Pursuant to RCW 80.36.390(13), an individual may bring a private action to enjoin violations of the Washington Telephone Solicitation Act.

173. Pursuant to RCW 80.36.400(4), an individual may bring a private action to enjoin violations of the Washington Automatic Dialing and Announcing Device Act.

174. Pursuant to RCW 19.86.090, an individual may bring a private action to enjoin violations of the Washington Consumer Protection Act.

175. The Plaintiff does seek injunctive relief from this Court to enjoin the Defendants' harmful actions towards Washington State residents in the manner described above.

176. Specifically, The Plaintiff seeks injunctions prohibiting the Defendants from acting in any manner at odds with 47 U.S.C.§ 227(b), 47 U.S.C.§ 227(c), RCW 80.36.390, RCW 80.36.400, and Washington Consumer Protection Act. RCW 19.86.090.



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

177. The Defendants' actions constitute a documented pattern and practice of behavior that has impacted the Plaintiff and other individuals similarly situated, causing injury to them.

178. Injunctive relief is necessary to prevent further harm and injury to the Plaintiff and to the Washington State public as well.

179. Injunctive relief should therefore be granted by this Court.

## V. JURY DEMAND

180. The Plaintiff demands a trial by jury.

## VI. PRAYER FOR RELIEF

181. WHEREFORE, the Plaintiff prays that the proposed Class be certified under CR 23, and that the Plaintiff and her counsel be appointed to represent the Class and for judgment be entered against the Defendants for:

182. For judgment against the Defendants for Plaintiff's statutory damages;

183. For statutory damages of $1,500.00 per violation of the Telephone Consumer Protection Act;

184. For statutory damages of $1,000.00 per violation of the Washington Telephone Solicitation Act;

185. For statutory damages of $1,000.00 per violation of the Washington Automatic Dialing and Announcing Device Act;

186. For statutory damages of $1,000.00 per violation of the Washington Consumer Protection Act;

187. For treble damages pursuant to 47 U.S.C. § 227(c)(5)(C) and RCW 19.86.090.

188. For the Plaintiff's costs and attorney's fees pursuant to RCW 80.36.390(13), RCW 80.36.400(4), and RCW 19.86.090;

189. For all injunctive relief as pleaded for above;



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

190. For any and all other relief this Court deems proper.

DATED April 14, 2026.

NORTHWEST DEBT RESOLUTION, LLC

Peter Schneider, WSBA# 43131
Attorney for Plaintiff



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015

# DECLARATION OF SERVICE

I, Peter Schneider, am a resident of the State of Washington, over the age of 18 and competent to make this declaration herein. On the date indicated below, I served the foregoing document to the following recipients in the manner described below:

Mark Rosencrantz
CARNEY BADLEY SPELLMAN PS
701 FIFTH AVE, STE 3600
SEATTLE, WA 98104-7010
206-622-8020
206-467-8215 (fax)
rosencrantz@carneylaw.com

- ☐ USPS first class mail
- ☒ E-mail
- ☐ Facsimile
- ☒ Other – ECF e-service

Ryan M Dunn
KELLEY DRYE & WARREN (NJ)
7 GIRALDA FARMS, STE 340
MADISON, NJ 07940
973-503-5943
rdunn@kelleydrye.com

DATED April 15, 2026.

/s/PeterSchneider
Peter Schneider



NORTHWEST DEBT RESOLUTION
10900 4th STREET, STE. 2300
BELLEVUE, WA 98004
PH: 206-800-6000
FX: 206-800-6015