**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| REBECCA HIGDON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GERBER LIFE INSURANCE COMPANY, and DOES 1-10,<br><br>Defendants. | Case No. 3:26-cv-05316-JHC<br><br>**DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>**NOTE ON MOTION CALENDAR: June 25, 2026** |

Defendant Gerber Life Insurance Company ("Gerber Life") submits this reply memorandum of law in further support of its motion to dismiss the First Amended Complaint ("Complaint").

## I. INTRODUCTION

For a telemarketing call to fall within the scope of the TCPA or Washington's telemarketing statutes, it must be made directly by the defendant or by a third party acting as the defendant's agent. Plaintiff does not argue Gerber Life directly placed the calls at issue in this case. Instead, Plaintiff's opposition argues two potential theories of liability: (a) ratification and (b) apparent authority. The factual allegations in Plaintiff's Complaint cannot support either theory.



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Plaintiff argues Gerber Life is vicariously liable for the callers' actions because: (a) some of the callers referred to Gerber Life products during the relevant calls; (b) Gerber Life issued Plaintiff two life insurance policies; and (c) Gerber Life received premium payments for one of those policies. As to ratification, Plaintiff's argument fails for two reasons. First, the callers' actions were not "ratifiable" as a matter of law because according to Plaintiff's Complaint, the callers purported to be representatives of non-party business entities with fictitious business names, and not Gerber Life. Second, Plaintiff pleads no facts to suggest Gerber Life had actual knowledge of the callers' telemarketing practices or facts that would cause a reasonable person to further investigate. To the extent Plaintiff argues she complained to Gerber Life, Plaintiff's Complaint is so vague on this point that it is not possible to discern whether she claims to have directed her purported complaints to Gerber Life itself or to the alleged third-party callers. In any event, Plaintiff's admission that she completed two telephonic applications for Gerber Life insurance policies without objection or complaint unilaterally defeats her argument. As to apparent authority, Plaintiff fails to identify any conduct by Gerber Life, as opposed to *the callers*, to establish the callers were acting for Gerber Life. Without vicarious liability, all of the claims in the Complaint fail and should be dismissed.

Plaintiff's opposition also fails to save her claims from dismissal on the variety of alternative, independent grounds asserted by Gerber Life. Each claim should therefore be dismissed on those additional grounds as well.

## II. LEGAL ARGUMENT

### A. Plaintiff Fails to Plead Facts Supporting a Viable Theory of Vicarious Liability

Plaintiff does not dispute that Gerber Life may only be liable for the claims asserted in the Complaint if Gerber Life directly placed the alleged telemarketing calls or had an agency relationship with the person who did. *See* Dkt. 21 ("Opp.") at 4; *see also Usanovic v. Americana, LLC*, 775 F. Supp. 3d 1133, 1139 (D. Nev. 2025) (citing *Thomas v. Taco Bell Corp.*, 582 F. App'x. 678, 679 (9th Cir. 2014)). Similarly, Plaintiff does not argue in her opposition



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

that Gerber Life directly placed the calls. Indeed, she relies on two potential theories of vicarious liability: (a) ratification and (b) apparent authority. Opp. at 5–11. Plaintiff fails to plausibly allege either theory. The Complaint should therefore be dismissed.

### 1. <u>Gerber Life Did Not Ratify the Alleged Callers' Telemarketing Conduct</u>

Plaintiff argues that—regardless of Gerber Life's knowledge (or lack thereof) of the alleged callers' telemarketing practices—Gerber Life ratified the callers' actions by (a) issuing Plaintiff two life insurance policies and (b) receiving premium payments for one of those policies. Opp. at 5. Based on these two alleged facts, Plaintiff argues Gerber Life "had to know about the facts surrounding the issuance of both policies, as it was the entity that issued them." *Id.* at 7. Plaintiff's argument fails for two reasons. First, the Complaint contains no facts to plausibly suggest the callers acted or purported to act as Gerber Life's agents. *See, e.g., Abante Rooter & Plumbing v. Farmers Group, Inc.*, 17-cv-03315-PJH, 2018 WL 288055, at *6 (N.D. Cal. Jan. 4, 2018) ("the principal-agent relationship is still a requisite and ratification can have no meaning without it") (internal quotation omitted). Second, the Complaint contains no facts to plausibly suggest Gerber Life had "actual knowledge that the agent was violating the TCPA or knowledge of facts that would have led a reasonable person to investigate whether the agent was acting in compliance with the law." *Fabricant v. Elavon, Inc.,* No. 2:20-cv-02960-SVW-MAA, 2020 WL 11884505, at *6 (C.D. Cal. Aug. 25, 2020) (cleaned up).

#### *i. The Callers Did Not Act or Purport to Act on Gerber Life's Behalf*

Plaintiff argues the callers' telemarketing conduct was ratifiable by Gerber Life because the callers "identified themselves as agents of Gerber [Life]" and thereby purported to be agents of Gerber Life. Opp. at 7. "'[W]hen an actor is not an agent and does not purport to be one,' the doctrine of ratification does not apply." *Kristensen v. Credit Payment Servs.*, 879 F.3d 1010, 1014 (9th Cir. 2018) (citing Restatement (Third) of Agency § 4.03 cmt. b). Plaintiff does not argue the callers were agents-in-fact of Gerber Life. Plaintiff argues only that the callers purported to act as Gerber Life's agents.



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Plaintiff's argument is unsupported by the allegations in the Complaint. For example, and according to the Complaint's actual allegations, none of the callers identified themselves as calling from Gerber Life, or otherwise purported to act as an agent of Gerber Life. Rather, by Plaintiff's admission, every call identified in the Complaint was placed by telemarketers who identified themselves as calling from a revolving set of allegedly fictitious business names, none of which was "Gerber Life." *See* Dkt. 11 ¶ 36. Plaintiff identifies an exemplar telephone call in her opposition brief that perfectly illustrates this pleading defect. *See* Opp. at 7 (describing a call from "Sam *from Senior Financial Solutions*") (emphasis added). As a matter of law, a caller who identifies himself as affiliated with Senior Financial Solutions is not purporting to be an agent of Gerber Life. *See Stark v. Stall*, No. 19-cv-00366-AJB-AHG, 2021 WL 1978472, at *4 (S.D. Cal. May 18, 2021) (dismissing TCPA claim based on ratification theory where the plaintiff alleged a caller named "'Dave' . . . introduced himself as being with 'Global Realty'" rather than being a representative of the defendant). Given Plaintiff's failure to plead that the callers purported to act for Gerber Life—as opposed to some unidentified non-party—their acts were not ratifiable by Gerber Life.

*ii. Plaintiff Fails to Adequately Plead that Gerber Life Had Actual Knowledge of the Callers' Telemarketing Practices or Learned Facts that Would Have Warranted Further Investigation*

Even if Plaintiff could establish the callers purported to act on Gerber Life's behalf (she cannot), Plaintiff's ratification theory fails because the Complaint contains no facts to suggest Gerber Life had (a) actual knowledge of the callers' allegedly unlawful telemarketing practices, or (b) knowledge of facts that would cause a reasonable person to investigate further.

Plaintiff argues the Court should infer Gerber Life had actual knowledge regarding the callers' telemarketing practices because Gerber Life issued two life insurance policies, and accepted premiums payments for one of them. Opp. at 7. But this is insufficient to establish



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

actual knowledge by Gerber Life of the telemarketing practices of the entities that called Plaintiff. *See* Dkt. 19 ("Mot.") at 17–18.

Plaintiff also alleges, in conclusory fashion, that she used "reasonable means to tell Gerber about the unwanted calls," but this too is insufficient. Plaintiff provides no factual information whatsoever about how or to whom she communicated with, or the substance of any such communications. Opp. at 7; Dkt. 11 ¶ 36. She identifies no Gerber Life representative she spoke with, no phone number she called, no letter she sent, and no other mechanism by which any complaint was conveyed to Gerber Life. The Complaint is so devoid of factual content on this point that it is impossible to determine whether Plaintiff claims she communicated with Gerber Life itself or merely with the alleged third-party callers.

This distinction matters. Plaintiff relies on these allegations to support her ratification theory, yet without non-conclusory facts showing that Gerber Life had "actual knowledge" of the callers' conduct—or even "knowledge of facts that would have led a reasonable person to investigate"—her theory fails as a matter of law. *Fabricant*, 2020 WL 11884505, at *6. Plaintiff offers nothing beyond the bare legal conclusion that she used "reasonable means" to communicate with Gerber Life, which the Court should disregard. *See Doane v. Benefytt Techs., Inc.*, No. 22-10510-FDS, 2023 WL 2465628, at *11 n.14 (D. Mass. Mar. 10, 2023) (rejecting TCPA plaintiff's ratification theory where the "complaint generally allege[d] th[e] plaintiff made [the] defendant aware that he did not want to receive telemarketing calls, but d[id] not specify how or to whom he communicated that request"). Dkt. 11 ¶ 36. Because Plaintiff alleges no facts showing that Gerber Life had actual knowledge of the allegedly unlawful calls at the time it sold the policies, she has not plausibly alleged that Gerber Life knowingly ratified the callers' conduct.

Plaintiff's reliance on *Henderson v. United Aid Funds, Inc.*, 918 F.3d 1068 (9th Cir. 2019), is misplaced. *Henderson* involved a summary judgment record containing concrete evidence that the defendant lender "had actual knowledge" of its debt collectors' allegedly



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

unlawful calling practices, including evidence that the defendant knew its collectors "might have violated the TCPA" by using autodialing and skip-tracing techniques. *Id.* at 1074–75. It was also undisputed that the collectors negotiated, deferred, and accepted payments on the lender's behalf, and expressly represented to consumers that they were acting for the lender. *Id.* Nothing remotely comparable is alleged here. Plaintiff pleads no facts suggesting Gerber Life knew who the callers were, let alone that it knew anything about their telemarketing practices. Opp. at 7. And unlike in *Henderson*, Plaintiff does not allege the callers purported to act on Gerber Life's behalf rather than on behalf of the unrelated entity identified in her Complaint. *Henderson* therefore has no bearing on the Court's analysis.

Recognizing the flaws in her principal argument, Plaintiff hedges by arguing the same facts support a ratification theory premised on Gerber Life's knowledge of facts that should have led it to further investigate the calls that led to the issuance of Plaintiff's policies. Opp. at 8–10. Here, Plaintiff's argument defies reality. Plaintiff admits she submitted two telephonic applications for Gerber Life insurance policies without objection and without complaining of any allegedly unlawful telemarketing practices. Opp. at 1–2. As noted above, according to Plaintiff, only after she completed the policy application process did she use "reasonable means" to inform Gerber Life about the "unwanted calls." Dkt. 11 ¶ 36. Setting aside Plaintiff's failure to describe those "reasonable means" with any detail, it is simply incomprehensible to suggest a reasonable insurer would conduct further investigation of a call that led to the sale of an insurance policy, absent some complaint or objection by the insured during the telephone call. If Plaintiff truly had concerns about unlawful telemarketing calls, she could have raised those concerns at any time during the policy application process. Instead, she submitted two telephonic policy applications without a word. Plaintiff's willing submission of two insurance applications eviscerates any claim that Gerber Life had "knowledge of facts that would have led a reasonable person to investigate whether [the callers] w[ere] acting in compliance with the law.'" *See Fabricant*, 2020 WL 11884505, at *6 (quoting *Kristensen*, 879 F.3d at 1015).



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

Plaintiff's reliance on *Barton v. Am. Fam. Life Assurance Co. of Columbus*, No. 3:25-cv-05671-TMC, 2026 WL 177598 (W.D. Wash. Jan. 22, 2026), fares no better. First, it is worth noting Plaintiff's brief refers to the "uncanny parallel" between *Barton* and the present matter. Opp. at 8. The similarity of the fact patterns is anything but uncanny. Nathen Barton, the pro se litigant in *Barton*, is a law clerk at the office of Plaintiff's counsel. *See, e.g.*, Peter Schneider, *Admissions v. Stipulations – a telemarketing case highlights the difference*, Nov. 8, 2024, [https://www.nwdebtresolution.com/post/law-clerk-makes-huge-break-in-100-gift-card-voucher-telemarketing-scam-calls](https://www.nwdebtresolution.com/post/law-clerk-makes-huge-break-in-100-gift-card-voucher-telemarketing-scam-calls). Relevant here, *Barton* involved a pro se litigant, and the court expressly applied the more lenient pleading standard applicable to pro se filings. *Id.* at *5. That leniency does not apply here. *Barton* is also factually distinct. The plaintiff there alleged that the insurer knew the callers' identities and even provided him with their contact information. *Id.* at *4. He also alleged specific facts about how and to whom he communicated his do-not-call requests. *Id.* The court relied on those factual allegations in denying the motion to dismiss. Plaintiff alleges none of those facts here. *Barton* therefore provides no support for her position.

Finally, Plaintiff does not address the numerous decisions holding that the mere sale of an insurance product does not support a ratification theory. See Mot. at 17–18. Her failure to engage with this authority is telling. The Court should adopt the reasoning of those cases and reject Plaintiff's attempt to manufacture ratification based solely on the fact that she purchased a policy.

**2. <u>The Alleged Callers Lacked Apparent Authority to Act on Gerber Life's Behalf</u>**

Plaintiff next argues Gerber Life is vicariously liable for the alleged telemarketing calls under a theory of apparent authority. Opp. at 10–11. Plaintiff largely rehashes her arguments in support of ratification and, in doing so, ignores the legal distinction between the two doctrines. "Apparent authority arises from *the principal's manifestations* to a third party that supplies a reasonable basis for that party to believe that the principal has authorized the alleged



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

agent to do the act in question." *Abante*, 2018 WL 288055, at *5 (emphasis added) (quoting *NLRB v. Dist. Council of Iron Workers*, 124 F.3d 1094, 1098 (9th Cir. 1997)). "It is not sufficient to allege that the purported agent claimed authority or purported to exercise it." *Id.* (internal quotation marks omitted). Thus, for purposes of apparent authority, it is the alleged principal's actions, not the alleged agent's actions, that matter.

Plaintiff's brief, like her Complaint, fails to identify any conduct by Gerber Life, as opposed to *the callers*, to support her apparent authority theory. Plaintiff argues the callers had apparent authority to act for Gerber Life because *the callers* referred to Gerber Life, or offered Gerber Life products for sale, during four of the calls at issue. Opp. at 10. But Plaintiff identifies no facts to plausibly suggest *Gerber Life* "made any statement or took any action that would have led Plaintiff to believe [the callers] w[ere] acting as its agent." *See Jorge Valdez v. Nationwide Real Estate Execs., Inc.*, SA CV 20-01734-DOC-(JDEx), 2021 WL 2134159, at *4 (C.D. Cal. Apr. 22, 2021). In fact, Plaintiff identifies no conduct by Gerber Life at all in her brief to support a finding of apparent authority. As discussed at length in Gerber Life's moving brief, district courts in the Ninth Circuit and elsewhere have declined to find apparent authority in the face of similarly deficient allegations. *See* Mot. at 16–17.

### B. The Ninth Circuit's Holding in *Chennette* is Inapplicable and Inconsistent with the Supreme Court's Holdings in *McLaughlin* and *Loper Bright*

District courts are no longer "bound by the FCC's interpretation of the TCPA." *See McLaughlin Chiropractic Assocs. v. McKesson Corp.*, 606 U.S. 146, 168 (2025); *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412–13 (2024)) (overruling *Chevron*). Rather, this Court's analysis begins and ends with the language of Section 227(c) and the Court must "exercise independent judgment in determining the meaning of statutory provisions." *See Loper Bright*, 603 U.S. at 394. As set forth in Gerber Life's moving brief, the TCPA's plain text and the context of surrounding subsections demonstrate that Congress did not intend Section 227(c) to apply to cellphones. *See* Mot. at 19–22.



CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

In opposition, Plaintiff argues that statutory *stare decisis* defeats Gerber Life's argument and points to the Ninth Circuit's holdings in *Chennette v. Porch.com, Inc.*, 50 F.4th 1217 (9th Cir. 2022), and *Hall v. Smosh Dot Com, Inc.*, 72 F.4th 983, 986 (9th Cir. 2023). But in *Chennette*, "defendants conceded that cell phones can be 'residential' for purposes of § 227(c)" and, therefore, the Ninth Circuit did not have to rule on that issue. 50 F.4th at 1223. Instead, "[t]he disputed question is whether a cell phone that is used for both business and personal purposes can be a 'residential' phone." *Id.* Moreover, the Court relied extensively on the FCC's interpretation of the statute, even adopting wholesale the FCC's presumption of residential status for all numbers placed on the registry—something this Court may no longer do under *McLaughlin* and *Loper Bright*. Similarly, the Ninth Circuit in *Hall* never analyzed whether a cellphone could be a "residential telephone" within the meaning of Section 227(c)—rather, the only issue raised by defendant was whether the plaintiff had standing to sue given that she was not the actual user of the phone or the actual recipient of the messages. 72 F.4th at 989–90. Thus, statutory *stare decisis* does not apply here, the Court should conduct its own interpretation of the statute and Count 1 should be dismissed.

**C. There Is No Private Right of Action Under 47 C.F.R. § 64.1200(d)**

Plaintiff recognizes there is conflicting authority on the issue of whether a private right of action exists under 47 C.F.R. § 64.1200(d), and that the issue has not been resolved by the Ninth Circuit. Opp. at 12. As set forth in Gerber Life's moving brief, although it is the minority view, numerous district courts throughout the country have held there is no private right of action to enforce the technical and procedural standards of Section 64.1200(d). *See* Mot. at 22–24, *see also Wilson v. PL Phase One Operations L.P.*, 422 F. Supp. 3d 971, 982 (D. Md. 2019) ("[T]he requirements of § 64.1200(d) set forth the procedural standards for telemarketers to maintain their own, company-specific, do-not-call lists and, consequently, appear to fall under the aegis of subsection *d* of the TCPA," rather than 47 U.S.C. § 227(c)) (quoting *Worsham v. Travel Options, Inc.*, No. 1:14-cv-02749, 2016 WL 4592373, at *4 (D. Md. Sept. 2, 2016),


CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

*aff'd*, 678 F. App'x 165 (4th Cir. 2017)). At least one court in the Ninth Circuit has held the same. *See Boydston v. Asset Acceptance LLC*, 496 F. Supp. 2d 1101, 1110 (N.D. Cal. 2007) (holding that 47 C.F.R. § 64.1200(d) was promulgated pursuant to 47 U.S.C. § 227(d), which does not provide a private cause of action).

In opposition, Plaintiff simply urges the Court, without any analysis, to adopt the holdings of the Sixth and Eleventh Circuits instead. Opp. at 13. But in both *Charvat v. GVN Mich., Inc.,* 561 F.3d 623, 629 (6th Cir. 2009) and *Cordoba v. DIRECTV, LLC,* 942 F.3d 1259, 1265 (11th Cir. 2019), the courts simply stated, without any analysis, that the regulations set forth in 47 C.F.R. § 64.1200(d) were promulgated under 47 U.S.C. § 227(c), which provides a cause of action. Neither court explained its position or grappled with the question of whether those regulations were actually promulgated under Section 227(d). Indeed, given its cursory treatment, it appears that this issue was largely undisputed. In contrast, the cases cited by Gerber Life in its motion analyzed the question and concluded that based on statutory text and structure, the regulations at issue fall under the ambit of Section 227(d) and lack a private right of action. Mot. at 22–24 (citing cases). The Court should follow those persuasive decisions instead.

**D. There Is No Private Right of Action Under 47 C.F.R. § 64.1601(e)**

As set forth in Gerber Life's moving brief, the majority of federal courts have held no private right of action exists for alleged violations of 47 C.F.R. § 64.1601(e) because this regulation simply establishes "technical and procedural standards" rather than a substantive right. Mot. at 24–25, citing *Meyer v. Cap. All. Grp.*, 15-CV-2405-WVG, 2017 WL 5138316, at *16 (S.D. Cal. Nov. 6, 2017); *Griffin v. Am.-Amicable Life Ins. Co. of Tex.*, No. 6:24-cv-00243-MC, 2024 WL 4333373, at *5 (D. Or. Sept. 27, 2024) ("Try as they might, [the p]laintiffs are able to cite only one case in support of their interpretation of § 64.1601."). In opposition, Plaintiff cites two recent cases from this district that have gone the other way. Opp. at 13. But even those decisions recognize that they are against the weight of authority and that, at best, the



**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

courts are divided. *See, e.g.*, *Barton v. Bright Solar Mktg. LLC*, No. 3:25-cv-05310-DGE, 2025 WL 2880136, at *5 (W.D. Wash. Oct. 9, 2025) ("District courts have typically found that 47 C.F.R. § 64.1601(e) does not create a private right of action"); *Barton v. Am. Fam. Life Assurance Co. of Columbus*, No. 3:25-CV-05671-TMC, 2026 WL 177598, at *7 (W.D. Wash. Jan. 22, 2026) ("District courts are divided on whether § 64.1601(e) may be enforced through a private right of action."). This Court should follow the well-reasoned, majority view of the federal courts, and hold there is no private cause of action to enforce 47 C.F.R. § 64.1601(e).

**E. Plaintiff Fails to State a Claim Under RCW 80.36.390(10)**

Plaintiff argues that RCW 80.36.390(10) permits vicarious liability. Opp. at 14. As explained above, however, Plaintiff did not plead plausible facts to establish vicarious liability for any claim in the complaint. In any event, Plaintiff's opposition ignores Gerber Life's independent argument for dismissal of her claim under RCW 80.36.390(10)—*i.e.* that she failed to plausibly plead that she received telephone calls with "misleading or inaccurate caller identification information" or that such calls were made with the "intent to defraud, cause harm, or wrongfully obtain anything of value." Mot. at 25–26, citing *Barton v. Real Innovation Inc.*, 792 F. Supp. 3d 1195, 1208 (W.D. Wash. 2025). Instead, Plaintiff merely pleads that the callers must have been using fake numbers because when she called back, she did not reach Gerber Life. Dkt. 11 ¶ 40. But the Complaint admits that Gerber Life did not call her—rather, she was called by a litany of other entities with different names. Thus, there is no plausible reason alleged in the complaint why the caller identification information should have reflected Gerber Life. Nor did Plaintiff plead any intent by any caller (much less Gerber Life) to defraud or harm Plaintiff—rather, the callers all allegedly identified themselves and the companies they were associated with and then tried to sell insurance policies to Plaintiff, which she willingly purchased. Thus, Count 11 should be dismissed. *See Barton*, 792 F. Supp. 3d at 1208 (dismissing claim under RCW 80.36.390(10) where the "[p]laintiff's complaint d[id] not


**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

identify any misleading or inaccurate identification information intended to defraud; it merely restate[d] the statute.”).

## VI. CONCLUSION

For the foregoing reasons, and those set forth more fully in its opening brief, Gerber Life respectfully requests this Court to grant its motion to dismiss Plaintiff’s Complaint in its entirety.

DATED this 25th day of June, 2026.

CARNEY BADLEY SPELLMAN, P.S.

By: */s/ Mark Rosencrantz*
Mark Rosencrantz, WSBA #26552
Attorneys for Defendants

-and-

KELLEY DRYE & WARREN LLP
Lauri A. Mazzuchetti (*pro hac vice*)
Ryan M. Dunn (*pro hac vice*)
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950

Damon W. Suden (*pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, NY 1007
Telephone: (212) 808-7800
Facsimile: (212) 828-7897

I certify that this memorandum contains 3778 words in compliance with the Local Civil Rules

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**
Peter Schneider
Northwest Debt Resolution LLC
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
P: (206) 800-6000
F: (206) 800-6015
peter@nwdebtresolution.com

DATED this 25th day of June, 2026.

*/s/ Mary Klemz*
Mary Klemz, Legal Assistant